Nelson, D. J.
This is a libel to recover damages for refusing to load a vessel. The libellant is the owner of the Italian bark, Caterina S., and by a charter-party executed between the parties, December 3, 1878, in which she is described as of “619 tons, or thereabouts, register measurement,” let the bark to the respondents for a voyage from Boston to a port in the United Kingdom, or on the continent between Havre and Hamburg, both inclusive, for which the respondents agreed to pay a lump sum of ¿61,050 British sterling. The charter-party recited that the bark was then “in a Mediterranean port, ready to proceed to Trapani, and there to take a cargo of salt for Boston direct, after discharging which Bhe is to load under this charter,” and it contained this clause: *416 “The said party of the second part (the respondents) doth engage to provide and furnish to said vessel a full and complete cargo of wheat and (or Indian corn and) or other lawful merchandise, say as much as she can reasonably stow and carry, (which is guaranteed by vessel not to be less than 1,000 tons dead weight,) on the draft of water allowed by ■the surveyors appointed by the marine underwriters, under whose inspection the vessel is to load.” On the arrival of the bark in Boston, in May, 1879, freights had fallen, and it having been ascertained by a survey that she could stow and carry, on the draft allowed by the underwriters’ inspection, only 925 tons dead weight of Indian corn, (corn being the cargo for which the charter was obtained,) the respondents refused to load her. The question in the case is whether, upon the breach of the libellant’s guaranty that the vessel should stow and carry not less than 1,000 tons dead weight of Indian corn, under the circumstances stated, the respondents were justified in throwing up the contract.
It seems to me too clear to admit of any doubt that they were. The guaranty is not a mere descriptive statement as to the capacity of the vessel, or a stipulation that something should be done or happen in the future, but it is an absolute warranty as to an existing state of things, expressed in clear and definite terms. It was intended as a substantive part of the contract, and is to be regarded as a condition upon failure of which the respondents might repudiate the contract altogether, no part of it having been executed in their favor. No case has been cited where a stipulation of this nature has been held to be independent, and not a condition precedent. This contract, like all mercantile contracts, is to be construed according to its plain meaning to men of sense and understanding; and I think those parties never could have intended by this charter-party to require the respondents to load a vessel of less capacity than is called for by the libellant’s guaranty. Lowker v. Bangs, 2 Wall. 728; Fearing v. Cheeseman, 3 Cliff. 91; Graves v. Legg, 9 Exch. 709; Behn v. Burgess, 8 Law Times, 207; McAndrew v. Chappie, L. R. 1 C. P. 643. The entry is to be: Libel dismissed, with costs.